# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE
# CIVIL ACTION NO. 3:11CV-245-H

**STATE OF OHIO**                                                      **RESPONDENT/PLAINTIFF**

**v.**

**IMPERIOUS RA-EL HORAKHTY-BEY**                     **PETITIONER/DEFENDANT**

## MEMORANDUM OPINION

This matter is before the Court on Petitioner/Defendant Imperious Ra-El Horakhty-Bey's[1] *pro se* notice of removal of his Ohio criminal state-court proceeding (Elyria Court No.: 2010CRB03484) to federal court.

Petitioner seeks removal of his criminal action "solely on the basis of the violations of his, and his rights of children's, constitutional, due process, and equal protection rights by the state court before the (Elyria Municipal Court - Judge Lisa Locke Graves of Lorain County Ohio)." He advises that "the State has sued [him] and is the Judge Jury and Executioner charging him for driving without a license in Ohio and denied him access to the video of the state and a suppression hearing." He claims that the Ohio court "refuses to reinstate [his] statutory license and has imposed a penalty against him."

Petitioner seeks removal under 28 U.S.C. § 1441(b), (c), and (e); § 1443(1) and (2); and § 1446. Section 1441 pertains to removal of civil actions and, therefore, is inapplicable to Petitioner's attempt to remove his criminal action. While § 1443 permits removal of criminal prosecutions in very limited circumstances, it allows removal "by the defendant to the district

---

[1] State-court documents attached to the petition reveal that Horakhty-Bey is also known as Anthony Williams, Jr.

court of the United States for the district and division embracing the place wherein it is pending." Finally, under § 1446, which sets forth the procedure for removal,

> A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court *shall file in the district court of the United States for the district and division within which such action is pending a notice of removal* signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

28 U.S.C. § 1446(a) (emphasis added).

Although the Western District of Kentucky is not "the district court of the United States for the district and division embracing the place wherein [Petitioner's Ohio state criminal action] is pending," Petitioner argues, "Petitioner, being resident of Lorain County Ohio, filed this motion for removal with U.S. District Court, Western District of Kentucky, which has proper jurisdiction because of corruption and fraud in the Elyria Municipal Court." The removal statutes are unambiguous, however, as to the proper place of filing. Clearly, the Western District of Kentucky at Louisville is not the proper district in which to remove Petitioner's state criminal prosecution originating in the Elyria Municipal Court in Lorain County, Ohio.

Under 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Upon review of the notice of removal, the Court does not find that the interests of justice would be served in transferring the action to the district in which it should have been brought.

For this reason, the Court will, by separate Order, dismiss the instant action and remand it to the state court of origination.

Date:

cc:	Petitioner/Defendant
	Clerk of Court, Elyria Municipal Court, 601 Broad Street, Elyria, Ohio 44035 (Case No. 2010CRB03484)
4412.005